IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHIRLEY HOMLER           )
                         )   No. 3-10-1154
v.                       )
                         )
MERCK SHARP & DOHME CORP. )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed initial case management order, with modifications addressed at the initial case management conference held on January 18, 2011. Those modifications and other matters addressed on January 18, 2011, are as follows:

1. Any motions to amend the pleadings, including, but not limited to, any motion to amend the answer to assert an affirmative defense of comparative fault specifically naming a person or entity, shall be filed by July 18, 2011.

2. Any amended complaint to add any person or entity named by the defendant as comparatively at fault shall be filed by August 18, 2011. No motion to file such an amended complaint is required.

3. All fact discovery, including the parties' depositions, shall be completed by October 31, 2011.

4. All written discovery shall be served in sufficient time so that responses will be hand no later than October 31, 2011.

5. Any discovery motion relating to fact discovery shall be filed by November 11, 2011.

6. The plaintiff shall have until January 9, 2012, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7. The defendant shall have until February 23, 2012, to serve Rule 26(a)(2) expert disclosures.

8. If there is a need to supplement the expert disclosures because of "changing science" since the disclosures, either party may move to serve such supplemental disclosures or otherwise address the issue with the Court.

9. Any discovery motions relating to expert disclosures (not including Daubert motions or motions relating to admissibility) shall be filed by March 1, 2012.

10. All expert discovery shall be completed by April 30, 2012.

11. By May 14, 2012, the parties shall file a joint mediation report, indicating whether the parties have participated in or scheduled mediation, and, if not, whether they believe that there is a potential for settlement and, if so, whether and when they plan to participate in mediation.

12. Any dispositive motion and/or Daubert motion shall be filed by May 30, 2012. Any response shall be filed within 30 days of the filing of the motion or by June 29, 2012, if the motion is filed on May 30, 2012. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by July 13, 2012, if the response is filed on June 29, 2012.

No other filings in support of or in opposition to any dispositive and/or Daubert motion shall be made except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the October 31, 2011, deadline for completion of fact discovery or the April 30, 2012, deadline for completion of expert discovery even if a dispositive/Daubert motion is filed prior thereto.

13. A further case management conference is scheduled on **Friday, June 10, 2011, at 1:00 p.m.,** in Courtroom 764, U.S. Courthouse, to address the status of obtaining the plaintiff's medical records, the status of discovery in this case and in the other femur fracture Fosamax cases pending in New Jersey, Illinois and Louisiana, whether discovery in this case has been coordinated with discovery taken in the other cases, whether any scheduling deadlines provided herein and in the contemporaneously entered order, including but not limited to deadlines prior to the pretrial conference as provided below, can or should be adjusted, whether, depending upon the progress in this case, the trial can be scheduled on an earlier date, and any other appropriate matters.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, October 16, 2012, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last 13-20 days (or as long as four weeks).

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by 12:00 noon on Friday, October 12, 2012, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

The pretrial conference is also scheduled before Judge Nixon, on **Friday, October 5, 2012, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By August 27, 2012, counsel shall advise opposing counsel of any portions of deposition transcripts to be read to the jury or video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure

By September 7, 2012, counsel shall file any motions in limine, file any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), advise opposing counsel of any counter-designations of any depositions to be read to the jury or video depositions to be viewed by the jury, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By September 17, 2012, the parties shall file any responses to motions in limine, any motions relating to expert testimony other than Daubert motions, any evidentiary objections to counter designations of deposition testimony, and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any replies to responses to motions in limine, any responses to any motions relating to expert testimony other than Daubert motions, and any responses to objections to deposition testimony and proposed exhibits shall be filed by September 28, 2012.

By September 28, 2012, the parties shall also:

1. File a proposed joint pretrial order;[1]

2. File pretrial briefs;

3. Exchange their final lists of witnesses and exhibits;

4. File their respective final witness and exhibit lists;

5. File a listing of all agreed stipulations; and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiff's theory (no more than one page); (3) a short summary of the defendant's theory (no more than one page); (4) the issues to be submitted to the Court and the jury; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.